IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO. 3:18-cv-504-J-34MCR

IN THE MATTER OF THE ARBITRATION BETWEEN,

STERLING EQUIPMENT, INC.,
PETITIONER,

AND

ST. JOHNS SHIP BUILDING, INC.,
RESPONDENT.

FILED 2018 APR 18 AM 11:43

## PETITON TO CONFIRM ARBITRATION AWARD

Petitioner, Sterling Equipment, Inc. ("Sterling"), pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. §9, and petitions ("Petition") this Court to confirm the Arbitration Award ("Final Award") previously entered in favor of Sterling and against Respondent, St. Johns Ship Building, Inc. ("St. Johns"), and in support Sterling states as follows:

## PARTIES

1. Sterling is a Delaware corporation, with its principal place of business in Boston, Massachusetts.

2. St. Johns is a Florida corporation with its principal place of business in Palatka, Florida.

## JURISDICITON AND VENUE

3. This Court has jurisdiction over this matter pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 9 and 28 U.S.C. § 1332.

4. The parties to this matter are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

CASE NO. _____

5.   Venue is proper in the Middle District of Florida because the contract between the parties does not specify a court for purposes of confirming the Final Award and the arbitration tribunal proceedings took place in Jacksonville, Florida.  Pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. §9, when the operative arbitration agreement is silent as to the court in which the action to enforce arbitration award should be filed, the application for confirmation may be made in the United States court in and for the judicial district in which the award is made.

### FACTS

6.   On October 2, 2013, Sterling and St. Johns entered into a contract ("Contract") for the construction of a dump scow barge. (A copy of the Contract attached as "**Exhibit 1**").

7.   The Contract provided for the delivery of the barge on or before July 1, 2014 at a price of $6,900,000.00.

8.   The Contract contains an arbitration provision ("Arbitration Provision") in the event that a dispute arises regarding the performance of the obligations of the Contract.  (See "Ex. 1", Section 13.6, pg.15-16)

9.   A dispute did arise under the Contract because the barge was not delivered pursuant to the terms and conditions of the Contract.

10.  On June 3, 2016, Sterling initiated arbitration proceedings ("Arbitration") in accordance with the Arbitration Provision by sending its *Notice of Demand for Arbitration* ("Arbitration Notice") to the American Arbitration Association ("AAA"), St. Johns and counsel for St. Johns. (See *Arbitration Notice* attached as "**Exhibit 2**"). Sterling demanded more than $1,900,000.00 from St. Johns as a result of St. Johns' breach of the Contract.

11.  On or about February 23, 2017, an arbitration panel ("Panel") was selected through agreement of the parties. (See Selection of Arbitration Panel letter attached as "**Exhibit 3**").

CASE NO. _____

12.     The Arbitration proceeded apace, including the exchange of discovery and multiple depositions in New York and Florida.   An arbitration hearing was held before the Panel in Jacksonville, Florida on November 13-15, 2017.   Both parties presented live witnesses and various enumerated exhibits were admitted into evidence.

13.     On January 9, 2018, the Panel entered an interim award ("Interim Award") in favor of Sterling and against St. John's in the amount of $326,034.00. (See *Interim Award* attached as "**Exhibit 4**").

14.     The Interim Award reserved for later determination, the total amount of the final award pending Sterling's production of information regarding the costs of arbitration and attorneys' fees associated with the Arbitration.

15.     After Sterling submitted the amounts of attorneys' fees and costs it had incurred in connection with the Arbitration, the Panel issued its Final Award on February 19, 2018.   The Final Award in favor of Sterling was for the total amount of $443,799.34, inclusive of attorneys' fees and costs.   (See *Final Award* attached as "**Exhibit 5**").

16.     St. Johns has failed to voluntarily satisfy the Final Award.   Therefore, a judgment on the Award is needed to permit Sterling to enforce it.

17.     This Petition is authorized by the terms of the Contract, Section 9 of the Federal Arbitration Act, and the Final Award itself.

18.     This Petition is timely because it is filed within one year after the Award was made.

## CLAIM FOR RELIEF

19.     As authorized by 9 U.S.C. § 9, and as set forth in the Final Award (Ex. 5), Sterling requests this Court confirm the Final Award entered by the Panel in the amount of $443,799.34.

CASE NO. _____

20.   Sterling further requests this Court award, as determined to be appropriate, an amount for attorneys' fees, costs, and expenses that Sterling has incurred in bringing this Petition before the Court.

21.   Sterling further requests this Court enter judgment in accordance with 9 U.S.C. §13, and that conforms to the Final Award in the amount of $443,799.34, plus any and all relief that the court deems just and proper.

WHEREFORE, Plaintiff, Sterling Equipment, Inc., respectfully requests this Court enter judgment confirming the Final Award entered by the arbitration panel in the amount of $443,799.34, against Defendant, St. Johns Ship Building, Inc., together with attorneys' fees, post judgment interest and all costs of court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___17th___ day of April, 2018, a copy of the foregoing was sent via overnight delivery to the United States District Court for the Middle District of Florida, Jacksonville Division, located at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202.

Respectfully submitted,

Cary A. Lubetsky, Esquire
Florida Bar No. 961360
George N. Andrews, Esquire
Florida Bar No. 15885
KRINZMAN HUSS LUBETSKY
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone:(305) 854-9700
Facsimile: (305) 854-0508
E-mail:     cal@khllaw.com
            gna@khllaw.com

4

CASE NO. _____

## **SERVICE LIST**

**John A. Scialdone, Esq.**
*(pro hac vice pending)*
**David N. Harris, Esq.**
*(pro hac vice pending)*
Scialdone Law Firm, PLLC
1319 24th Avenue (39501)
P.O. Box 4080
Gulfport, MS 39502
Jscialdone@slfirmus.com
dharris@slfirmus.com
*Co-Counsel for Plaintiff*