UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STERLING EQUIPMENT, INC.,

    Petitioner,

v.                              Case No. 3:18-cv-504-J-34MCR

ST. JOHNS SHIP BUILDING, INC.,

    Respondent.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Petitioner's Motion for Default Judgment and Confirmation of Arbitration Award ("Motion") (Doc. 13).[2] For the reasons stated herein, the undersigned respectfully recommends that the Motion be **GRANTED**.

**I.    Background**

Petitioner, Sterling Equipment, Inc., alleged that it entered into a contract

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

[2] Although Respondent allegedly opposed the Motion, Respondent failed to file a response to the Motion and the time to do so has passed. (*See* Doc. 13 at 6.) Accordingly, the undersigned will treat the Motion as unopposed.

("Contract") with Respondent "for the construction of a dump scow barge" to be delivered "on or before July 1, 2014 at a price of $6,900,000.00." (Doc. 1 at ¶¶ 6-7; Doc. 1-1.) On June 3, 2016, due to Respondent's alleged failure to deliver the dump scow barge in accordance with the terms of the Contract, Petitioner initiated arbitration proceedings pursuant to the Arbitration Provision in the Contract. (Doc. 1 at ¶¶ 8-10.) An Arbitration Panel held a hearing in Jacksonville, Florida from November 13 through November 15, 2017. (*Id.* at ¶ 12.) On January 9, 2018, the Panel issued an interim award ("Interim Award") in Petitioner's favor in the amount of $326,034.00, but reserved its final award determination pending further information from the parties regarding attorneys' fees and costs. (*See id.* at ¶¶ 12-13; *see also* Doc. 1-4.) on February 19, 2018, the Arbitration Panel issued a final arbitration award ("Final Award") in favor of Petitioner in the amount of $443,799.34, including attorneys' fees and costs.[3] (Doc. 1 at ¶ 15; Doc. 1-5.)

On April 18, 2018, after Respondent failed to satisfy the Final Award, Petitioner filed a Petition to Confirm Arbitration Award ("Petition") (Doc. 1) against Respondent pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA").[4] On

---

[3] The Arbitration Panel noted that while the Contract allowed for attorneys' fees and expenses to be awarded to the prevailing party, Petitioner had not prevailed on all its claims and, therefore, the Panel only awarded a portion of Petitioner's attorneys' fees and expenses. (*See* Doc. 1-5.)

[4] Section 9 of the FAA provides, in part, as follows:
If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is

April 27, 2018, Petitioner served Respondent with the Summons and the Petition. (Doc. 7.) On June 15, 2018, after Respondent failed to appear or file a response to the Petition, Petitioner filed its Verified Motion for Clerk's Default against Respondent pursuant to Fed.R.Civ.P. 55(a), and the Clerk of Court entered a default on June 18, 2018. (*See* Docs. 10 & 11.) On June 30, 2018, attorney Matthew John Valcourt of the law firm Valcourt & Associates, LLC filed a Notice of Appearance on behalf of the Respondent (Doc. 12.); however, to date, Respondent has not filed any responsive pleadings or any other filings in this case. Petitioner now brings the instant Motion, seeking to confirm the arbitration award, an award of attorneys' fees and costs incurred in connection with bringing the instant action, including post-judgment interest, and entry of a judgment of default against Respondent. (*See generally* Doc. 13.)

## II. Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a party fails to plead or

---

made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.

9 U.S.C. § 9.

otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the party. *See* Fed.R.Civ.P. 55(a). Second, after the clerk's default is entered, the petitioning party must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed.R.Civ.P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of a default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim on which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[5] *see also*, *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). A federal court may exercise subject matter jurisdiction over a claim based on federal question jurisdiction, 28 U.S.C. §§ 1331, or diversity jurisdiction,

---

[5] In the case of *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

4

28 U.S.C. § 1332.  *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam).  "Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . .  Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction."  *Walker*, 363 F. App'x at 15 (internal quotation marks omitted).

The Court must also ensure that the defaulting party was properly served.  "It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant."  *Tacoronte v. Tate & Kirlin Assocs.*, 2013 WL 5970720, *4 (M.D. Fla. Nov. 8, 2013) (adopting report and recommendation entered on Aug. 6, 2013) (internal citations omitted).  "Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant."  *Id.* (citing *Royal Lace Paper Works, Inc. v. Pest-Guard Prods., Inc.*, 240 F.2d 814, 816 (5th Cir. 1957)).  Additionally, a sufficient basis must exist in the pleadings for the judgment entered.  See *Nishimatsu*, 515 F.2d at 1206.

The FAA "imposes a heavy presumption in favor of confirming arbitration awards."  *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002); *see also Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1320 (11th Cir. 2010) ("There is a presumption under the FAA that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible.'") (quoting *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th

5

Cir. 2006)); *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) ("Judicial review of arbitration awards is 'narrowly limited,' and the FAA presumes that arbitration awards will be confirmed."). "As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard*, 307 F.3d at 1288.

Arbitration awards, however, may be vacated on four grounds, as set forth in Section 10 of the FAA:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "The burden is on the party requesting vacatur of the award to prove one of these four bases." *Riccard*, 307 F.3d at 1289.

### III.  Discussion

#### A.  *Jurisdiction*

The undersigned finds that this Court has subject matter jurisdiction to hear this claim pursuant to 28 U.S.C. § 1332. *See Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996) ("Subject matter jurisdiction for cases filed pursuant to § 9 of the Act must be based upon either diversity of citizenship or

6

the existence of a federal question and is not dependent upon the location in which the arbitration award was made.") Here, there is complete diversity between the parties[6] and the amount in controversy is in excess of $75,000.00; thus, the Court has subject matter jurisdiction to hear this claim pursuant to 28 U.S.C. § 1332. The undersigned also finds that the Petition was properly served on Respondent.[7] (Doc. 7.) Furthermore, subsection 13.6 of the Parties' Contract states that "[t]he decision of the arbitrators shall be binding and conclusive on all parties involved, and judgment upon the arbitrators' decision may be entered in the highest court of any forum, federal or state, having jurisdiction." (Doc. 1-1 at 16.) Therefore, the Clerk's entry of default against Respondent was proper and the Court has jurisdiction to enter a judgment on the arbitration award as the award was rendered in this District. (*See* Doc. 1 at ¶¶ 5, 12-15.)

### B.   *Confirming the Final Arbitration Award*

"If a party applies for an order confirming an arbitration award within one year of the award, the court 'must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA.'"

---

[6] Petitioner "is a Delaware corporation with its principal place of business in Boston, Massachusetts" and Respondent "is a Florida corporation with its principal place of business in Palatka, Florida." (Doc. 1 at ¶¶ 1-2.)

[7] The docket reflects that Respondent was served with process on April 27, 2018. (Doc. 7.) Petitioner does not cite any law pursuant to which service was effected, but it appears that the service of process was properly effected on Respondent under Fed.R.Civ.P. 4(h)(1) and/or Fla. Stat. § 48.091. (*See id.*) Moreover, Respondent's attorney filed a Notice of Appearance with this Court without contesting service or jurisdiction. (*See* Doc. 12.)

*Diamond Resorts U.S. Collection Dev., LLC v. Gutierrez*, No. 6:16-CV-1695-ORL-41DCI, 2017 WL 6939208, at *3 (M.D. Fla. Dec. 8, 2017) (alterations omitted) (quoting 9 U.S.C. § 9) (report and recommendation adopted Jan. 11, 2018). "Any attempt to vacate or modify an award must occur within three months after the award is filed or delivered." *Diamond Resorts*, 2017 WL 6939208, at *3 (citing 9 U.S.C. § 12). Here, Petitioner timely filed the Petition to confirm the Final Award, "within one year after the award [was] made." 9 U.S.C. § 9. Respondent has failed to respond to the instant Motion, the time for filing a response has long passed, and it does not appear that the award has been, or should be, vacated, modified, or corrected. As such, the Final Award entered by the Arbitration Panel on February 19, 2018 in the amount of $443,799.34 for Petitioner must be confirmed. *See Washington Mut. Bank v. Century Mortg. Corp.*, No. CIVA 106-CV-2994-GET, 2006 WL 3762097, *1 (N.D. Ga. Dec. 20, 2006) (confirming an arbitration award where there were no grounds for vacating or modifying it and no objection was filed by the adverse party); *see also Frazier*, 604 F.3d at 1324 (finding that "the district court was bound by § 9 to confirm the award" where the movant "has failed to demonstrate the existence of any of the statutory grounds for vacating or modifying the arbitrator's award").

### C. *Post-Award Attorneys' Fees and Costs*

Petitioner also argues that it is entitled to an award of "attorneys' fees, post judgment interest, and all court costs in the total amount of $9,239.27" incurred in connection with the instant action. (Doc. 13 at 5.) "An award of attorneys' fees is

8

permitted when a party has refused to abide by an arbitration decision 'without justification.'" *Bruce Hardwood Floors, Div. of Triangle Pac. Corp. v. UBC, S. Council of Indus. Workers, Local Union No. 2713*, 103 F.3d 449, 453 (5th Cir. 1997) (citing *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co. ("Texas Steel II"),* 639 F.2d 279, 283-84 (5th Cir. Unit A 1981)). The undersigned finds that Petitioner is entitled to an award of reasonable attorneys' fees and costs in connection with the instant action because Respondent failed to abide by the Final Award and has failed to establish any justification for doing so.

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); see also, *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, courts have wide discretion in determining whether a hearing on damages is necessary. *Diversified Fin. Sys., Inc. v. Tomich Corp.*, 1997 WL 177873, *3 (E.D.N.Y. Mar. 18, 1997).  "[C]ourts have found that it is not necessary to conduct a hearing and that damages may be determined by way of affidavit and other documentary evidence" in "cases involving default judgments and promissory notes." *Maloney v. Disciples Ltd., LLC*, 2007 WL 1362393, *2 (M.D.N.C. May 8, 2007).  The undersigned finds that an evidentiary hearing is not necessary in this case because the Final Award sets forth the amount of damages.  Additionally, with respect to attorneys' fees and costs, the Motion and

the affidavits submitted in support thereof, as well as the docket, are sufficient to allow the Court to determine if Petitioner's requests are reasonable.

The starting point for assessing reasonableness is a "lodestar" calculation, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. The movant has the burden of producing evidence to support the hours worked and the rates claimed. *Id.* at 433. A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The relevant legal community is the place where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The Court must then consider other relevant factors to determine whether to increase or decrease the lodestar fee, including the critical factor of "results obtained." *Hensley*, 461 U.S. at 434.

Here, Petitioner seeks to recover $7,407.50 in attorney's fees, $1,000.00 in anticipated attorneys' fees,[8] and $831.77 in costs. (*See* Doc. 13-1 at 2, 6.) Petitioner submitted affidavits from its billing attorneys attesting to the hours expended by each attorney and their respective hourly rates. (*See generally*,

---

[8] George N. Andrews, counsel for Petitioner, declared that he anticipated that Petitioner would "incur additional attorneys' fees subsequent to the filing of [the August 7, 2018] Affidavit in the approximate amount of $1,000.00." (*See* Doc. 13-1 at ¶ 9.) However, the undersigned is unable to find that these fees are reasonable or justified, and Petitioner has failed to provide any basis that would allow the Court to award "anticipated" attorney's fees as presented in the Motion.

10

Doc. 13-1.)  In support of the request for attorneys' fees and costs, P. Campbell Ford also submitted an affidavit with the Court as a local "disinterested attorney" attesting to the reasonableness of Petitioner's request for attorneys' fees and costs.  (*See* Doc. 14.)  Counsel for Petitioner assert that the request for attorneys' fees includes: 1.4 hours expended by attorney Cary Lubetsky, a partner with the law firm Krinzman, Huss & Lubetsky, LLP ("KHL"), at an hourly rate of $300.00; 11.5 hours expended by attorney George N. Andrews, an associate with KHL, at an hourly rate of $275.00; 4.5 hours expended by attorney John Scialdone, of the Scialdone Law Firm, at an hourly rate of $270.00; and 11.6 hours expended by attorney David N. Harris, Jr., with the Scialdone Law Firm, at an hourly rate of $225.00.  (*See* Doc. 13-1 at 2, 6.)  Therefore, it appears that the attorneys' fees requested that were actually incurred total $7,407.50.  Upon review of the record as a whole, in light of the affidavits submitted in support of the Motion, and upon consideration of the result obtained, the undersigned finds that these hourly rates and hours expended are reasonable.[9]

---

[9] To the extent that the Motion and affidavits fail to include specific information regarding the qualifications and experience for each billing attorney, the undersigned confirmed the attorneys' respective bar admission dates from the Florida Bar and the Mississippi Bar websites, and determined that the hourly rates requested were not unreasonable.  *See Garcia v. United Recovery Sols., Inc.*, No. 17-CV-81199, 2018 WL 3701151, at *2 (S.D. Fla. July 16, 2018) (examining attorneys' bar member profiles in determining the reasonableness of the attorneys' "requested" hourly rates submitted in connection with a prevailing party's motion for attorneys' fees) (report and recommendation adopted Aug. 1, 2018).  The Florida Bar member profile for Mr. Lubetsky lists his Florida Bar admission date as September 30, 1992, and, presumably, he has more than 26 years of experience; thus, his hourly rate of $300.00 is reasonable.  Florida Bar, *Member Profile of Cary Alan Lubetsky*, https://www.floridabar.org/mybarprofile/731013 (last visited January 25, 2019).  Mr.

11

*See, e.g.*, *Smith v. Royal Oak Fin. Servs., Inc.*, No. 3:11-cv-542-J-34JRK, 2012 WL 3290153, at *6 (M.D. Fla. June 18, 2012) (acknowledging that "[a] review of the case law from this District reflects that a reasonable hourly rate for an attorney ranges from $125 to $338" and collecting cases) (report and recommendation adopted Aug. 13, 2012).  Thus, Petitioner should be awarded $7,407.50 in attorneys' fees.

Petitioner also seeks an award for costs incurred in the amount of $831.77 for "filing fees" and "service of process."  (Doc. 13-1 at 6.)  However, the Motion fails to provide an itemization of these costs.  Nevertheless, the undersigned finds that, pursuant to 28 U.S.C. § 1920, Petitioner may recover the $400 filing fee paid on April 18, 2018 (Doc. 1).  Beyond that determination, the Motion leaves the Court in the dark as to how Petitioner incurred the remaining $431.77 in costs.  To the extent Petitioner intended to recover the *pro hac vice* filing fees, totaling $300 and paid on April 19, 2018, the undersigned notes that the "majority of district courts in this Circuit have concluded that *pro hac vice* fees are not

---

Andrews was admitted to the Florida Bar on October 3, 2005, and, presumably, he has over 13 years of experience; thus, his hourly rate of $275.00 is reasonable. Florida Bar, *Member Profile of George Nicholas Andrews*, https://www.floridabar.org/mybarprofile/731013 (last visited January 25, 2019).  Mr. Scialdone was admitted to the Mississippi Bar on April 29, 1993, and, presumably, he has at least 25 years of experience; thus, his hourly rate of $270.00 is reasonable. Mississippi Bar, *Lawyer Directory*, https://www.msbar.org/lawyer-directory.aspx?type=2&term=Scialdone (last visited January 25, 2019).  Mr. Harris was admitted to the Mississippi Bar on September 24, 2002, and, presumably, he has at least 16 years of experience; thus, his hourly rate of $225.00 is reasonable.  Mississippi Bar, *Lawyer Directory*, https://www.msbar.org/lawyer-directory.aspx?type=2&term=Harris (last visited January 25, 2019).

12

recoverable under § 1920." *See Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-CV-307-ORL-40GJK, 2016 WL 7325544, at *2 (M.D. Fla. Aug. 31, 2016) (collecting cases) (report and recommendation adopted Oct. 4, 2016), *aff'd*, 727 F. App'x 562 (11th Cir. 2018).

Furthermore, "[r]easonable private process server fees may be taxed pursuant to § 1920(1)," but the fees may not exceed the statutory fees allowed under § 1921.[10]  *See United States v. King*, No. 8:14-CV-1080-T-36TBM, 2014 WL 6908897, at *4 (M.D. Fla. Dec. 8, 2014); *see also Diamond Resorts*, 2017 WL 6939208, at *4.  However, "a party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs." *Diamond Resorts*, 2017 WL 6939208, at *3 (citing *Pelc v. Nowak*, Case No. 8:11–cv–79–T–17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013)). Here, Petitioner failed to submit any documentation regarding the private process server fee incurred in connection with service of process on Respondent.  (Doc. 7).  In the absence of this information, and in the absence of any indication that service of process took more than one hour, or that the process server incurred any travel costs or out-of-pocket expenses, the undersigned finds that Petitioner should be allowed to recover $65 for costs incurred in serving Respondent.  *See Diamond Resorts*, 2017 WL 6939208, at *4.  Accordingly, Petitioner should be

---

[10] The statutory fee allowed under § 1921 for service of process by the U.S. Marshals Service, effective October 30, 2013, is $65 per hour "plus travel costs and any other out-of-pocket expenses."  28 C.F.R. § 0.114(a)(3).

awarded a total of $465 in costs.

## IV. Conclusion

Based on the foregoing, and after review of the materials submitted, the undersigned respectfully recommends that the Final Award entered by the Arbitration Panel in favor of Petitioner in the amount of $443,799.34 be confirmed and that Petitioner be awarded reasonable attorneys' fees in the amount of $7,407.50 and $465 in costs. The undersigned also finds that post-judgment interest is appropriate, pursuant to 28 U.S.C. § 1961(a), from the date of the entry of the judgment, rather than from the date of the award as the arbitrator concluded. *See Washington Mut. Bank v. Century Mortg. Corp.*, No. CIVA 106-CV-2994-GET, 2006 WL 3762097, *1 (N.D. Ga. Dec. 20, 2006).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 13**) be **GRANTED in part** and **DENIED in part**.

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Petitioner and against Defendant in the following amounts:

   A. Damages awarded in the Final Award: $443,799.34;

   B. Attorney's fees and costs incurred in bringing this action: $7,872.50; and

   C. Post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

3. The Clerk of Court be **DIRECTED** to close the file.

**DONE and ENTERED** in Jacksonville, Florida on January 31, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

15